UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0310-CVE |
| | ) |
| GRANT JACKSON, IV, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are plaintiff's motion in limine to preclude defendant's prior state court conviction (Dkt. # 26) and motion in limine to preclude evidence or argument of victim's intellectual condition (Dkt. # 27). On December 7, 2020 a grand jury returned a single count indictment charging defendant with child abuse in Indian country. Dkt. # 2. The charge arises from an incident on or about November 1, 2014, in which defendant allegedly intentionally abused his then four-year-old son by placing him in a bathtub filled with scalding hot water, resulting in second and third degree burns, as punishment for the child soiling his pants. Dkt. # 2; Dkt. # 26, at 1-2. On February 17, 2016, defendant was convicted in Oklahoma state court of charges arising from the November 1, 2014 incident. Dkt. # 26, at 1. Defendant served part of a four-year prison sentence before the state court conviction was vacated and remanded to be dismissed for lack of jurisdiction under McGirt v. Oklahoma, 140 S. Ct. 2452 (2020). Id.

**I.      Motion in Limine to Preclude Defendant's Prior State Court Conviction (Dkt. # 26)**

Plaintiff argues that introducing a prior state court conviction, which was vacated for lack of jurisdiction under McGirt, "might confuse the jury and cause them to consider that convicting him

in this case" would result in him "suffer[ing] some type of double-jeopardy or double-punishment." Dkt. # 26, at 2.

Under Fed. R. Evid. 401, evidence is relevant "if it has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." However, a court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice means that evidence has an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Silva, 889 F.3d 704, 712 (10th Cir. 2018).

Here, plaintiff has to prove beyond a reasonable doubt each element of the charged offense. In other words, plaintiff has to prove that defendant 1) is an Indian; 2) committed an offense in Indian country; and 3) willfully or maliciously engaged in child abuse. See 18 U.S.C. §§ 1151, 1153; OKLA. STAT. tit. 21, § 843.5(A). Defendant's prior state conviction does not have any tendency to make a fact of consequence more or less probable as to defendant's conduct on November 1, 2014, which gave rise to the charged offenses. Even if the prior state conviction were relevant, the risk of undue prejudice, confusing the issues, or misleading the jury substantially outweighs any probative value. Specifically, admitting the state court conviction could prevent a juror from fairly evaluating the evidence presented at trial, or make a juror reach a decision about defendant's guilt or innocence based on an impermissible basis. For example, the jury may improperly consider the vacated state court conviction as probative of defendant's guilt, or be misled to believe the defendant is being

subjected to double jeopardy. Thus, the Court finds that plaintiff's motion in limine to preclude defendant's prior state court conviction (Dkt. # 26) should be granted.

**II.     Motion in Limine to Preclude Evidence or Argument of Victim's Intellectual Condition (Dkt. # 27)**

Plaintiff anticipates that defendant will "present evidence and make argument at trial that the victim's alleged intellectual defect contributed to the injury he suffered." Dkt. # 27, at 1. Plaintiff argues that "it would be unfair and prejudicial to allow" the defendant to make such argument and present such evidence. Id.

The Court finds that the child victim's alleged cognitive challenges do not have any tendency to make any fact of consequence to the elements of the charged offense more probable. See Fed. R. Evid. 401. The fact that the child allegedly did not feel pain sufficient to cause him to remove himself from the bathtub has no bearing on whether the defendant, an Indian male, in Indian country and the Northern District of Oklahoma, willfully or maliciously harmed his four-year-old son by placing him into scalding hot water, resulting in second and third degree burns. Even if the victim's alleged intellectual condition were relevant, precluding this evidence would not violate defendant's due process rights because "defendant's right to present relevant testimony may bow to accommodate other legitimate interests in the criminal trial process." Richmond v. Embry, 122 F.3d 866, 872 (10th Cir. 1997) (quoting Michigan v. Lucas, 500 U.S. 145, 149 (1991) (internal quotations omitted)). Here, introducing evidence or argument of the child victim's intellectual condition would essentially "put the victim's intellectual ability on trial[,]" which risks undue prejudice by confusing the issues or misleading the jury. Dkt. # 27, at 2. The four-year-old victim's cognitive condition has such de minimis probative value, if any, that it is substantially outweighed by the prejudicial effect

of admitting any evidence or argument thereof. Therefore, the Court finds that plaintiff's motion in limine precluding evidence or argument of victim's intellectual condition (Dkt. # 27) should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine to preclude defendant's prior state court conviction (Dkt. # 26) and motion in limine to preclude evidence or argument of victim's intellectual condition (Dkt. # 27) are **granted**.

**DATED** this 1st day of November, 2021.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE